FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2002 JUL 26  P 4: 11

CLERK'S OFFICE
AT BALTIMORE

_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARLOW HENDERSON             :

v.                           :   CIVIL ACTION NO. CCB-02-2454

FELICIA CANNON, et al.       :

## MEMORANDUM

This action was filed on July 19, 2002 by Marlow Henderson, *pro se*. Mr. Henderson alleges that the Clerk and Chief Deputy Clerk of this Court have refused to release a check to him. This allegation apparently relates to an employment discrimination case filed by Mr. Henderson in 1969. The discrimination case was originally dismissed by the Honorable R. Dorsey Watkins in 1971. *See* **Henderson v. Eastern Freight Ways, Inc.**, 330 F.Supp. 1287 (D.Md. 1971). Mr. Henderson appealed that decision, and on May 8, 1972 the United States Court of Appeals for the Fourth Circuit reversed and remanded the case. *See* **Henderson v. Eastern Freight Ways, Inc.**, 460 F.2d 258 (4th Cir. 1972), *cert. denied*, 410 U.S. 912 (1973). After additional motions and a hearing, Judge Watkins again dismissed the case on March 12, 1974. **Henderson v. Eastern Freight Ways, Inc.**, Civil Action No. 21124-W (D.Md.). Mr. Henderson noted a second appeal. This time the dismissal was affirmed by the United States Court of Appeals for the Fourth Circuit. **Henderson v. Eastern Freight Ways, Inc.**, 510 F.2d 966, 1975 U.S.App.Lexis 16030 (4th Cir. 1975)(unpublished). In the instant case, Mr. Henderson, believing that he prevailed, seeks to compel the current Clerk of Court and her chief deputy to issue a check in his behalf.

Regardless of whether the instant action is construed as being against these Defendants in their individual capacities or against the United States, it is clearly barred by the applicable statute of limitations. 28 U.S.C. §2401(a)(six year limitations period for filing suit against

United States); Md. Cts. & Jud. Proc. Art. § 5-101 (general three year limitations period).[1] Accordingly, the complaint must be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B) for failing to state a claim upon which relief may be granted.[2] *Nasim v. Warden*, 64 F.3d 951, 955-56 (4th Cir. 1995)(dismissal as frivolous appropriate where action clearly time-barred).

A separate Order shall follow.

7/26/02
(Date)

Catherine C. Blake
United States District Judge

---

[1] As there is no specific federal limitations period applicable to suits against federal officials in their individual capacity the most analogous state limitations period applies. ***Blanck v. McKeen***, 707 F.2d 817, 819 (4th Cir.), *cert. denied*, 464 U.S. 916 (1983).

[2] 28 U.S.C. §1915(e)(2) provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

(A) the allegation of poverty is untrue; or
(B) the action or appeal –
    (i) is frivolous or malicious;
    (ii) fails to state a claim on which relief may be granted; or
    (iii) seeks monetary relief against a defendant who is immune from such relief.